# N. Y. SUPERIOR COURT.

In the Matter of the Application of JOHN H. PLATT, as assignee in bankruptcy, to sue HENRY S. PIERSON, jr., a receiver appointed by this court.

*Receiver — when application for leave to sue will be denied.*

As a general rule, leave will not be granted by this court to sue a receiver appointed by its authority, in any other tribunal.

It is only when special facts and circumstances are shown to exist which render a departure from the regular course and practice of the court advisable, that such leave will be given.

A general assignment for the benefit of creditors, without preference, has been held by the court of appeals of this state to be perfectly valid and unassailable under the bankruptcy act; but the federal courts in this district have held directly the reverse (*See McDonald, assignee,* agt. *Moore et al., N. Y. Weekly Digest, December* 25, 1876).

*Held,* that the power vested in the supreme court of the United States to review these decisions, does not abate the authority of the court of last resort in this state over its inferior tribunals, and hence, until this conflict is finally determined, the court should not grant leave to have its own officer sued in a tribunal which is known to administer the law in a different way from that which this court is bound to observe.

Therefore, leave will not be granted an assignee in bankruptcy to sue, in the United States court, a receiver appointed by this court, the object of the suit being to cause him to turn over the property of the bankrupt in his hands as receiver, to the assignee in bankruptcy.

*Special Term, March,* 1877.

MOTION to set aside an *ex parte* order for leave to sue.

On application of John H. Platt, as assignee in bankruptcy of Ephraim S. Snow, for leave to sue Henry S. Pierson, jr., a receiver appointed by the superior court, an *ex parte* order

Matter of Platt.

granting the application was issued, and the defendant, Pierson, moved to have that order set aside. In his affidavit, receiver Pierson states that he was appointed receiver of Snow's estate, which was conveyed to Ferdinand Stern on the 16th day of October, 1876, by a voluntary assignment for the benefit of creditors; that he was recently served with a writ, issued out of the United States district court, in the above entitled suit, and that, upon inquiry, he learned that the above *ex parte* leave to sue had been granted, the object of the suit being to cause him to turn over the property to the assignee in bankruptcy.

*George H. Fletcher* and *Robert Sewell*, for motion.

*Waldo Hutchins*, opposed.

FREEDMAN, *J.* — This court having undertaken to determine who is the proper party to distribute the estate assigned pursuant to the laws of this state by the debtors for the benefit of their creditors, and having, by its receiver, possession of the fund, and thus full jurisdiction over it, it is perfectly competent to decide all questions relating to its distribution. As a general rule, leave will not be granted by this court to sue a receiver, appointed by its authority, in any other tribunal. It is only when special facts and circumstances are shown to exist which render a departure from the regular course and practice of the court advisable that such leave is given.

But in the present case I fail to perceive that such special facts and circumstances exist; on the contrary, strong reasons have been advanced why such leave should be withheld.

Assignments like the one in question have been held by the highest court in this state to be perfectly valid and unassailable under the bankruptcy act, while the federal courts in this district have reached a different conclusion. The power to review these decisions, which is vested in the supreme

court of the United States, does not abate the authority of the court of last resort in this state over its inferior tribunals, and hence, until the conflict is finally determined by the supreme court of the United States, I must abide by the law as settled in this state. This being so, this court should not grant leave to have its own officer sued in a tribunal which is known to administer the law in a different way from that which this court is bound to observe, and whose jurisdiction is invoked for the purpose of nullifying the conclusions at which this court has arrived.

Nor does the use which the assignee in bankruptcy made of this *ex parte* order granting such leave, entitle him to favorable consideration, for he did not sue the receiver as an officer lawfully appointed by this court, and having the lawful custody of the fund, but as an individual having in his possession certain property, the title to which is alleged to be in such assignee. If that was the true condition of affairs, the leave of this court was wholly unnecessary.

The order heretofore granted *ex parte* should be vacated and set aside, but the assignee in bankruptcy may have leave to bring such action in this court as he may be advised.